# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRACEY L. BROWN, | Case No.: 2:19-cv-02000-JAD-DJA |
| Petitioner | |
| v. | **Order Granting IFP Status and Appointing Counsel** |
| THE STATE OF NEVADA, et al., | **[ECF Nos. 3, 8, 9]** |
| Respondents | |

Petitioner Tracey L. Brown brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2018 Nevada state court convictions for robbery and related offenses.[1] He applies to proceed *in forma pauperis*[2] and asks for court-appointed counsel.[3] Having reviewed the petition under Habeas Rule 4, I direct the Clerk of Court to docket it[4] and serve it on respondents. I also grant the motions for *in forma pauperis* status and to appoint counsel.

**I.     Application to proceed *in forma pauperis* [ECF No. 8]**

I find that Brown cannot pay the filing fee, so I grant his application for leave to proceed *in forma pauperis*.

---

[1] ECF No. 1-1.

[2] ECF No. 8.

[3] ECF Nos. 3, 9.

[4] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

## II. Motion to appoint counsel [ECF Nos. 3, 9]

Brown has also filed two motions for appointment of counsel. The decision to appoint counsel is generally discretionary,[5] but counsel must be appointed if the case is so complex that denial of counsel would amount to a denial of due process, and when the petitioner has such limited education that he is incapable of fairly presenting his claims.[6] Brown is serving a lengthy sentence and, while not entirely clear, it appears that some of the legal issues he wishes to raise may be complex. Therefore, to ensure due process, I grant Brown's request to appoint counsel.

## Conclusion

**IT IS THEREFORE ORDERED** that petitioner's application for leave to proceed in forma pauperis **[ECF No. 8] is GRANTED**; petitioner will not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that petitioner's first motion for appointment of counsel **[ECF No. 3] is GRANTED** and his second motion for appointment of counsel **[ECF No. 9] is DENIED** as moot. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

IT IS FURTHER ORDERED that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents;
- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents; and

---

[5] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

[6] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

- **ELECTRONICALLY SERVE** the FPD with a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD must file a notice of appearance or indicate to the court its inability to represent petitioner in these proceedings by February 13, 2020. Once counsel has appeared for petitioner in this case, the court will issue a scheduling order that will, among other things, set a deadline for the filing of a counseled amended petition.

Dated: January 14, 2020

                                                                            _____
                                                                        U.S. District Judge Jennifer A. Dorsey