# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Tracey L. Brown,

    Petitioner

v.

Attorney General of the State of Nevada, et al.,

    Respondents

Case No.: 2:19-cv-02000-JAD-DJA

**Order Granting in Part
Motion to Dismiss**

[ECF No. 30]

    Tracey L. Brown's brings this 28 U.S.C. § 2254 habeas corpus petition to challenge his 2015 state-court convictions arising out of several armed robberies in Las Vegas, Nevada. Respondents move to dismiss several claims as unexhausted or non-cognizable in federal habeas.[1] Because I find that Ground five is foreclosed, I dismiss it. But I order the respondents to answer all remaining claims by January 13, 2022.

**I.    Procedural History and Background**

    In March 2015, a jury convicted Brown of 20 counts including burglary, robbery with the use of a deadly weapon, kidnapping and conspiracy in connection with several armed robberies in Las Vegas.[2] The state district court adjudicated him under the large habitual criminal statute and sentenced him to an aggregate of life in prison with the possibility of parole after 20 years.[3] Judgment of conviction was entered on February 4, 2016.[4] An amended

---

[1] ECF No. 30. The motion is fully briefed, *see* ECF Nos. 50, 51, and I find that it is capable of resolution without oral argument. L.R. 78-1.

[2] Exhibit 95 at 66–72. The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 30, and are found at ECF Nos. 31–48.

[3] Exh. 109.

[4] *Id*.

judgment of conviction filed in 2017 removed the aggregate total of 20 years to life.[5] Brown's sentences amount to life with the possibility of parole after 10 years.[6]

The Nevada Supreme Court affirmed Brown's convictions, and the Nevada Court of Appeals affirmed the denial of his state postconviction petition.[7] Brown dispatched his original, pro se petition for filing on or about November 7, 2019.[8] I granted his motion to appoint counsel, and a first-amended petition was filed in June 2020.[9] Respondents now move to dismiss certain claims in the petition as either unexhausted or noncognizable.[10]

## II.     Legal Standards & Analysis

### A.     Exhaustion--standards

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.[11] A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.[12] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[13]

---

[5] Exh. 135.
[6] *Id.*
[7] Exhs. 145, 174.
[8] ECF No. 11.
[9] ECF No. 22.
[10] ECF No. 30.
[11] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).
[12] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).
[13] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[14] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[15] For exhaustion to be achieved, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[16] It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."[17] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[18] However, citation to state case law that applies federal constitutional principles will suffice.[19]

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[20] The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that

---

[14] *Picard v. Connor*, 404 U.S. 270, 276 (1971).
[15] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).
[16] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).
[17] *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).
[18] *Hiivala*, 195 F.3d at 1106.
[19] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).
[20] *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.[21]

### B. Ground 2 is exhausted.

Brown contends that the photographic lineup was impermissibly suggestive, violating his Fourteenth Amendment due-process rights, and it should have been suppressed.[22] The photographic lineup provided to the Nevada Supreme Court on appeal was a very poor copy. Brown supplemented his federal petition with a better quality, color copy of the photographic lineup at issue.[23] The Nevada Supreme Court rejected the direct-appeal claim:

> Brown argues that the photographic lineups presented to the witnesses were impermissibly suggestive because his photograph had the darkest skin tone and was the only one matching the suspect's hairstyle and with visible teeth. Noting that our review is limited because Brown has not provided a copy of the lineup and that we are constrained to the poor-quality image included in the State's appendix, *see Thomas v. State*, 83 P.3d 818, 822 & n.4 (Nev. 2004) (noting that appellant bears the duty of providing the "portions of the record essential to determination of issues raised in appellant's appeal"), we note that all of the individuals pictured appear to be black men; that the detective informed the witnesses that hairstyles are easily changed; and that, even if visible, Brown's teeth were not suggestive of the subject, as the lower portion of the suspect's face was covered in each robbery. As the individuals pictured matched the general description of the suspect, Brown has failed to show that the photographic lineup was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Thompson v. State*, 221 P.3d 708, 713 (Nev. 2009). Accordingly, Brown has not shown that the district court erred in refusing to exclude the identifications.[24]

---

[21] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[22] ECF No. 22 at 15–18.

[23] ECF No. 23 and 23-1.

[24] Exh. 145 at 6–7.

Respondents argue that Brown is essentially presenting new facts that render this claim unexhausted.[25] Respondents are correct that this court must review the photographic lineup that the Nevada Supreme Court reviewed.[26] In Brown's opposition to the motion to dismiss, he states that if this court concludes that the new photographic lineup copy renders Ground 2 unexhausted, he will withdraw that better-quality copy of the lineup.[27] Because the new lineup copy would create an exhaustion problem, the court will only consider the copy of the photographic lineup that was before the Nevada Supreme Court, obviating the exhaustion issue with this claim.

### C. Grounds 3 and 4 are exhausted.

In Grounds 3 and 4, Brown claims that he received ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights when counsel failed to file motions based upon the alleged inconsistent testimony of the city marshal who made the traffic stop and that appellate counsel failed to raise the claims on appeal.[28] Respondents argue in their motion to dismiss that the entirety of these grounds are unexhausted.[29] In his response to the motion, Brown clarified the nature of the claims that he intended to raise in Grounds 3 and 4, and with that clarification, respondents withdrew the request to dismiss these grounds.[30] I have reviewed the state-court record and agree that the following claims are exhausted: the claim in Ground 3 that trial counsel was ineffective for failing to file a motion to suppress based upon the alleged

---

[25] ECF No. 30 at 4.

[26] *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

[27] ECF No. 50 at 3.

[28] ECF No. 22 at 18–22.

[29] ECF No. 30 at 5.

[30] ECF No. 50 at 4–5; ECF No. 51 at 3.

inconsistent statements of the marshal regarding the traffic stop, and the claim in Ground 4 that appellate counsel was ineffective for failing to argue on appeal that the testimony was inconsistent.[31]

### D. Ground 5 is foreclosed by law.

In Ground 5, Brown claims that the search of the apartment violated his Fourth Amendment rights and that the evidence recovered should have been excluded.[32] The state trial court had denied his motion to suppress. Affirming the convictions, the Nevada Supreme Court held:

> Brown's challenges to the search warrant's validity. . . fail on this record. . . . the record belies Brown's claim that his girlfriend did not tell the police that he lived with her. . . . the probable cause supporting the search warrant had not become stale because it was reasonable to presume that searching the residence would yield the clothing that the suspect could be seen wearing in surveillance video footage when the residence was Brown's, Brown was incarcerated and unable to destroy or remove clothing, the suspect in the video footage appeared to be Brown, and Brown's accomplice confessed to their involvement in the crimes charged.[33]

Respondents argue that this claim is not cognizable on federal habeas review under the United States Supreme Court's decision in *Stone v. Powell*.[34] In *Stone*, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[35] Ground 5

---

[31] *See* Exh. 174 at 3, 5.
[32] ECF No. 22 at 22–25.
[33] Exh. 145 at 5.
[34] *See* Exh. 174 at 3, 5.
[35] *Stone*, 428 U.S. at 494.

clearly contains a claim based on the Fourth Amendment that the state trial court erred in not suppressing the evidence collected pursuant to the search warrant.[36]  Brown references for the first time in his opposition to the motion to dismiss the Fifth Amendment right to remain silent and *Miranda v. Arizona*.[37]  But Brown cannot present a new and different basis for relief in his opposition to the motion to dismiss,[38] and he has not demonstrated that he did not fully and fairly litigate his Fourth Amendment claim in state court.  Accordingly, Ground 5 is dismissed as foreclosed under *Stone*.

### III.  Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 30] is GRANTED as to Ground 5 only, which is hereby DISMISSED**; it is denied in all other respects.

IT IS FURTHER ORDERED that **respondents must file an answer to the remaining grounds in the first-amended petition by January 13, 2022.**  With that answer, they must provide a courtesy copy of the photographic lineup reviewed by the Nevada Supreme Court.

IT IS FURTHER ORDERED that petitioner must file a reply in support of the petition within 45 days of the date of service of the answer.

Dated: November 29, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[36] ECF No. 22 at 22–25.

[37] ECF No. 50 at 5–6 (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)).

[38] *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (additional claims should be presented in an amended petition).